**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MECOS OLIVER                                                          PETITIONER
Reg. #24242-076

V.                                        NO. 2:16CV00033-BSM-JTR

C V RIVERA, Warden                                            RESPONDENT
FCI-Forrest City

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Mecos Oliver ("Oliver"), an inmate in the Federal Correctional Institution in

Forrest City, Arkansas ("FCI-FC"). *Doc. 1*.[1] Oliver argues that the Bureau of Prisons

("BOP") improperly denied him: (1) a "*nunc pro tunc* designation" for concurrent

service of his federal and state sentences; and (2) credit on his federal sentence for the

period from August 26, 2010 through June 12, 2012. Before addressing the merits of

Oliver's habeas claims, the Court will review the procedural history of the state and

federal proceedings giving rise to his claims.

On June 2, 2010, Oliver was arrested by Tennessee state authorities for

violating the terms of his suspended sentence and probation in Shelby County

Criminal Case Nos 08-02544 and 08-04606. *Doc. 17-1, Att. 1 ¶¶ 11, 12, 62 & 66.*

On June 7, 2010, Oliver's suspended sentence and probation were revoked and

he was ordered to serve "the remainder of [his six-year] sentence" in the Shelby

County Correctional Center ("SCCC"). *Id., Att. 2.*

On August 11, 2010, while Oliver was incarcerated in the SCCC serving his

state sentence, a federal grand jury in the Western District of Tennessee returned an

indictment charging Oliver with: (1) one count of conspiracy to possess heroin with

intent to distribute, and distribution of heroin; and (2) two counts of possession of

heroin with intent to distribute, and distribution of heroin. *United States v. Oliver, et*

---

[1]On May 27, 2016, this case was consolidated with an identical § 2241 action, *Oliver v. Rivera*, No. 2:16cv00072-BRW. *Doc. 22*. This case (No. 2:16cv00033) was designated as the lead case, and No. 2:16cv00072 was closed.

*al.*, W.D. Tenn. No. 2:10CR20285-SHM-05, at *docket entry 2*.

On August 26, 2010, the United States Marshals Service ("USMS") "borrowed" Oliver from state custody, via a writ of habeas corpus *ad prosequendum*, to facilitate his prosecution on the pending federal criminal charges.[2] *Id. at docket entries 30 & 72; Doc. 17-1, Att. 4.*

On January 9, 2012, Oliver pleaded guilty to the federal charges pending in the Western District of Tennessee. On June 12, 2012, he was sentenced to 292 months in the BOP. *Doc. 17-1, Att. 5.* The Judgment and Commitment Order entered in the Western District of Tennessee does not mention Oliver's Tennessee state sentences.[3]

On July 3, 2012, with his federal charges resolved, the USMS returned Oliver

---

[2]When a prisoner is in state custody, serving a state sentence, and is transferred to the physical custody of federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, he remains subject to the state's "primary jurisdiction" and is temporarily "on loan" to federal authorities for purposes of his federal prosecution. *Elwell v. Fisher*, 716 F.3d 477, 482 (8th Cir. 2013); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). Thus, by taking custody of Oliver on August 26, 2010, pursuant to the writ of habeas corpus *ad prosequendum*, the USMS "borrowed" him from the State of Tennessee, which continued to have primary jurisdiction over him through July 3, 2012, the date the USMS returned Oliver to the State of Tennessee to complete his state sentence. Nothing in the record suggests that the State of Tennessee took any action to relinquish primary jurisdiction over Oliver prior to his parole on January 10, 2013. *See Cole*, 416 F.3d at 897 (primary jurisdiction "continues until the first sovereign relinquishes its priority in some way," which generally occurs in one of four ways: release on bail; dismissal of charges; parole; or expiration of sentence).

[3]The Court has reviewed the transcripts of Oliver's plea and sentencing hearings, which are available electronically. *United States v. Oliver*, W.D. Tenn. No. 2:10CR20285-SHM-05, *at docket entries 1054 & 1072.* Neither of those transcripts contains any reference to Oliver's state sentence.

to the State of Tennessee, which had never relinquished its primary jurisdiction over Oliver. *Id., Att. 4.* The USMS also lodged a federal detainer to serve as a "hold" on Oliver after he completed his state sentence. *See id., Att. 3.*

On January 10, 2013, Oliver was granted parole by the State of Tennessee and released to the custody of the USMS, which transported him to the BOP to begin serving his federal sentence. *Id., Att. 4 & 6.* In calculating Oliver's state sentence, the State of Tennessee properly credited him with all of the time he spent in "state primary jurisdiction" from June 2, 2010 through January 10, 2013. *Id., Att. 3.*

The BOP calculated Oliver's 292-month federal sentence as commencing on January 10, 2013, the date he was paroled from his state sentence and the BOP acquired primary jurisdiction over him. The BOP's calculation gave Oliver *no* credit for the time he was in the primary jurisdiction of the State of Tennessee, prior to January 10, 2013. *Id., Att. 12*.

On June 25, 2014, Oliver submitted a grievance, through the BOP's administrative remedy program, seeking a "*nunc pro tunc* designation"[4] and asserting

---

[4]The BOP has the authority to make a "*nunc pro tunc* designation" for concurrent service of federal and state imprisonment terms if such a designation is "consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement 5160.05 ¶ 8 & 9((b)(4) (2003) (*Doc. 17-1, Att. 7*). A *nunc pro tunc* designation has the effect of retroactively making a prisoner's federal sentence commence on an earlier date and run concurrently with a state sentence that he is already serving. *Fegans v. Norris*, 506 F.3d 1101, 1103 (8th Cir. 2007).

that he was entitled to 657 days of credit on his federal sentence for time spent in

USMS custody from August 26, 2010 through June 12, 2012.[5] *Doc. 1-4*. Oliver's unit

manager denied the initial request, and the denial was affirmed at all levels of the

appeal process.[6] *Docs. 1-4, 1-5, 1-6 & 1-7*.

---

[5]Oliver incorrectly refers to 660 days of credit for this time period.

[6]On January 16, 2015, the National Inmate Appeals Administrator – the final level of
BOP administrative review – found that Oliver's federal sentence had been properly computed:

A review of your record reveals on June 2, 2010, you were arrested by the Shelby
County Sheriff's Office in Tennessee for Violation of Probation. On June 7, 2010,
your probation was revoked in Case Nos. 08-02544 and 08-04606 in Shelby County
Criminal Court.

On August 25, 2010, you were temporarily released to the United States
Marshals Service (USMS) pursuant to a federal writ and on June 12, 2012, you were
sentenced in the United States District Court, Western District of Tennessee, to a
292-month term of imprisonment for Conspiracy to Possess with Intent to Distribute
and Distribution of Heroin. The federal Judgment was silent regarding its
relationship to the probation violation in the State of Tennessee.

Based on the primary jurisdiction of state officials, you were returned to the
Tennessee Department of Corrections after proceedings. On January 10, 2013, you
were released on parole from Tennessee authorities to the USMS to commence
service of your federal sentence in accordance with Title 18 U.S.C. § 3585(a).

A sentence computation was completed commencing the federal sentence on
the date you released on parole from Tennessee State officials, thereby effecting
consecutive service of your state and federal terms as required by Title 18, U.S.C.
§ 3584.

At the time your federal sentence was imposed, you were in service of an
undischarged term of imprisonment in the State of Tennessee and in federal custody
pursuant to a writ. Time spent in custody under a writ of habeas corpus from non-
federal custody will not in and of itself be considered for the purpose of crediting
presentence time. The primary reason for "writ" custody is not the federal charge.
The federal court merely "borrows" the prisoner under the provisions of the writ for
secondary custody.

-5-

On April 23, 2015, Oliver filed this federal § 2241 action in the Western District of Tennessee. *Doc. 1*. On March 4, 2016, the case was transferred to this Court because Oliver was incarcerated at FCI-FC, in the Eastern District of Arkansas.[7] *Doc. 12*.

In his § 2241 Petition, Oliver argues that the BOP erred in denying a *nunc pro tunc* designation and in failing to credit his federal sentence with 657 days "for time already served while in U.S. Marshal custody" from August 26, 2010 through June 12, 2012. *Doc. 1-2*.

## II. Discussion

### A.      BOP's Denial of *Nunc Pro Tunc* Designation

The BOP's decision to deny a *nunc pro tunc* designation is reviewed for an

---

Furthermore, Title 18 U.S.C. § 3585(b) precludes the application of prior custody credit for the time you are requesting, as this time was spent in service of your Tennessee state sentence.

Lastly, since your Tennessee state term was imposed prior to your federal sentence, a review for a concurrent designation is not appropriate in your case.

*Doc. 1-7*.

[7]Among the documents transferred from the  Western District of Tennessee was a "Supp-lemental Amended Petition in Support of 28 U.S.C. § 2255," raising various claims that Oliver's attorney in his federal criminal case was ineffective. *Doc. 9*. On April 13, 2016, Oliver filed a pleading clarifying that: (1) the § 2255 claims are "not a part of this filing"; and (2) he has a "separate [§ 2255] action" in the Western District of Tennessee regarding his criminal convictions." *Doc. 23*. This clarification makes it clear that the "Supplemental Amended Petition in Support of 28 U.S.C. § 2255" claims (*Doc. 9*) should *not* be considered to be part of this § 2241 habeas action.

"abuse of the agency's substantial discretion." *Fegans*, 506 F.3d at 1105. For the reasons explained below, the Court concludes that the BOP did not abuse its discretion in determining that Oliver was not entitled to a *nunc pro tunc* designation for the time he spent in the primary jurisdiction of the State of Tennessee between August 26, 2010 and June 12, 2012.

First, the earliest date a federal sentence can "commence" is the date it is imposed. *See Sisemore v. Outlaw*, 363 F. App'x 424, 424-25 (8th Cir. 2010); *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006); BOP Program Statement 5880.28, p.1-13 ("In no case can a federal sentence commence earlier than the date on which it is imposed."). Because Oliver was not sentenced in his federal case until June 12, 2012, his federal sentence could not have commenced before that date.

Second, under 18 U.S.C. § 3585(a), a defendant's federal sentence "commences" when he "is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." Importantly, service of a federal sentence generally commences "when the United States takes *primary jurisdiction* and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell*, 716 F.3d at 481 (emphasis added); *see* BOP Program Statement 5880.28 pp. 1-12, 1-20B (recognizing primary jurisdiction

doctrine) (*Doc. 17-1, Att. 9*).

In this case, because the State of Tennessee was the first sovereign to take custody of Oliver, on June 2, 2010, it acquired primary jurisdiction over him on that date.[8] The State of Tennessee did not "relinquish" its primary jurisdiction until January 10, 2013, when it paroled Oliver from state custody and released him to the custody of the USMS. Thus, the BOP correctly determined that Oliver's federal sentence "commenced" on January 10, 2013, when he was paroled from his Tennessee state sentence. Even though Oliver was transferred to the custody of the USMS (via a writ of habeas corpus *ad prosequendum*) from August 26, 2010 through June 12, 2012, he remained in the primary jurisdiction of the State of Tennessee, which explains why the State of Tennessee credited his state sentence with *all* of the time (August 26, 2010 through June 12, 2012) he spent in the custody of the USMS awaiting the resolution of the pending federal charges.

Finally, under 18 U.S.C. § 3584(a), the so-called "default rule" provides that multiple terms of imprisonment imposed at different times run *consecutively* unless an order *from the sentencing federal court* explicitly provides that the terms should run concurrently. *Elwell*, 716 F.3d at 482-84. Here, Oliver's federal court judgment

---

[8]"As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *Cole*, 416 F.3d at 897.

is *silent* regarding his undischarged six-year Tennessee state sentence. In addition, the federal sentencing transcript does not mention Oliver's undischarged state sentence, much less express any intention that the federal and state sentences should be served concurrently. Thus, the BOP properly relied on the federal sentencing court's silence as a factor in denying the *nunc pro tunc* designation. *See Fegans*, 506 F.3d at 1103; BOP Program Statement 5880.28 p.1-31 (*Doc. 17-1, Att. 8*).

The BOP's actions are in accordance with BOP policies and the applicable law. Accordingly, the BOP did not abuse its "substantial discretion" in denying Oliver a *nunc pro tunc* designation.

## B.   BOP's Denial of Prior Custody Credit

Finally, to the extent that Oliver separately challenges the BOP's denial of federal credit for the 657 days between August 26, 2010 and June 12, 2012, his challenge clearly is without merit. Whether a prisoner is entitled to credit on his federal sentence for time spent in custody *before commencement* of a federal sentence is governed by 18 U.S.C. § 3585. The statute explicitly provides that a defendant can receive prior custody credit on a federal sentence *only* for time "that has *not* been credited against another sentence." *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); *Elwell*, 716 F.3d at 484 (§ 3585(b) is

an "express bar on double credit" and "is not a source of discretion for the BOP");

BOP Program Statement 5880.28 p. 1-14 (*Doc. 17-1, Att. 11*).

According to the record, all of the time requested by Oliver – August 26, 2010

through June 12, 2012 – was credited against Oliver's Tennessee state sentence.

Oliver's argument, that the time should also be credited against his federal sentence,

is in direct conflict with § 3585(b). Thus, the BOP properly denied Oliver's request

for prior custody credit.


### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition

for Writ of Habeas Corpus, *Doc. 1*, be DENIED, and the case be dismissed, with

prejudice.

DATED this 28th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

-10-